IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ORLANDO SAMUEL MCKEITHEN,      *
#164 717
       Plaintiff,      *

       v.      *            3:11-CV-190-WHA
(WO)

SGT. CATHY JACKSON, *et al*.,      *

       Defendants.      *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 complaining that he was denied timely and adequate medical care and treatment in August 2009 while incarcerated at the Alexander City Work Release Center.  Named as defendants are Commissioner Richard Allen, Warden James Carlton, Sergeant Cathy Jackson, and Lieutenant Juanice Cole.  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against Commissioner Allen and Warden Carlton prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

_____

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff names Commissioner Richard Allen and Warden James Carlton as defendants to this cause of action. No specific allegations, however, are made against these individuals. Consequently, there is no basis on which the complaint may proceed against them. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Further, the complaint may not proceed against Defendants Allen and Carlton based on their supervisory positions.

To the extent Plaintiff seeks to impose liability on Defendants Allen and Carlton as a result of the alleged wrongdoing by their subordinate, such claim is due to be dismissed. The law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability absent proof of actual personal involvement in the alleged wrongdoing. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). As noted, other than

naming Warden Carlton and Commissioner Allen in the caption of his complaint, Plaintiff makes no specific allegations against these defendants nor does he indicate that they were personally involved in the constitutional violations about which he complains.  *See Potter, supra*; *Cottone, supra*.

In light of the foregoing, Plaintiff's complaint against Defendants Allen and Carlton is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendant Allen and Carlton be DISMISSED with prejudice and prior to service of process  pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii);

2.   Defendants Allen and Carlton be DISMISSED as parties to the complaint; and

3.  This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **April 20, 2011** the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of April 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE